# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ALICE MARIE JOHNSON,  )<br>)<br>Defendant.  ) | Case No.  2:94-CR-20256-002 |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
## MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

COMES NOW the United States of America, by and through Lawrence Laurenzi, Acting United States Attorney for the Western District of Tennessee, and Elizabeth J. Rogers, Assistant United States Attorney for the Western District of Tennessee, and responds to Defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2).  In response to said motion, the United States submits as follows:

1. On November 1, 2014, new amendments to the U.S. Sentencing Guidelines ("U.S.S.G." or "Guidelines") took effect.  These amendments included a two-level reduction for most drug offenses based on the quantities of illegal drugs specified in § 2D1.1 ("2014 Retroactive Drug Amendment").

2. Upon receipt of Defendant's motion for a two-level sentence reduction, Defendant's case was reviewed by a U.S. Probation Officer.  Based on that review, the Probation Officer

determined that Defendant is not eligible for a sentence reduction under the 2014 Retroactive Drug Amendment. The United States agrees with this determination and, thus, opposes Defendant's motion.

3. Defendant was convicted of five counts of drug trafficking offenses under 21 U.S.C. § 846. She was simultaneously convicted of one count of conspiracy to commit money laundering and one count of money laundering in the amount of $1.5 million (18 U.S.C. § 1956) as well as one count of structuring monetary transactions (31 U.S.C. § 5324(a)(3)). Counts one, two, three, five, eight (the drug counts) were grouped pursuant to U.S.S.G. § 3D1.2(d) and counts nine, twelve, and fifteen (the money laundering/monetary transactions counts) were grouped together under the same section. Both groups of counts were grouped pursuant to § 3D1.2(b) and (c) as the guidelines for money laundering were found in U.S.S.G. § 2S1.1 and had a specific offense characteristic of the defendant knowing or believing that the funds were the proceeds of an unlawful activity involving the importation or distribution of narcotics or controlled substances.

4. The combined adjusted offense level for the Defendant was 38 utilizing the guidelines range of offenses involving 150 kilograms or more of cocaine. Presentence Investigation Report ("PSR") ¶ 36. The Defendant's guidelines were based on an estimated 2,000 to 3,000 kilograms of cocaine. PSR ¶ 36. The Defendant did not object to this calculation. At sentencing, the court adopted the factual findings and guideline application in the PSR. Statement of Reasons 1.

5. Under the current guidelines, the Defendant's base offense level remains 38 (offenses involving 450 kilograms or more of cocaine).

6. Due to the large drug quantity for which the Defendant was held responsible, the amendment does not have the effect of lowering Defendant's applicable guideline range. *See* U.S.S.G. § 1B1.10 (stating that a reduction in the defendant's term of imprisonment is not

authorized under 18 U.S.C. § 3582(c)(2) if the amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range).

In light of the foregoing, the United States respectfully requests that this Honorable Court **DENY** Defendant's motion.

                          Respectfully submitted,

                          LAWRENCE LAURENZI
                          ACTING UNITED STATES ATTORNEY

By:   *s/ Elizabeth Rogers*
       Elizabeth J. Rogers (TN Bar # 33004)
       Assistant United States Attorney
       167 N. Main Street, Suite 800
       Memphis, TN 38103

## CERTIFICATE OF SERVICE

I, Elizabeth Rogers, hereby certify that the on the date below, I electronically filed the foregoing with the Clerk of Court for the Western District of Tennessee via the Electronic File System which has served a copy of the same with Counsel for the Defendant:

David Bell
Federal Public Defender
200 Jefferson Avenue, Suite 200
Memphis, Tennessee  38103

Marcia G. Shein
Law Office of Marcia G. Shein
2392 North Decatur Road
Decatur, Georgia  30033

This the 12th day of September, 2017.

                                              s/ Elizabeth Rogers
                                              ELIZABETH ROGERS