# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

**UNITED STATES OF AMERICA,**

    Plaintiff,

**VS.**                                                                                          No.     94-20256

**ALICE JOHNSON,**

    Defendant.
_____

## AMENDED MOTION PURSUANT TO *18 U.S.C. §3582(c)(2)*
_____

**COMES NOW**, Michael E. Scholl, counsel of record for Defendant, Alice M. Johnson, and respectfully amends the motions previously filed in this matter and submits that this Honorable Court should reduce Ms. Johnson's sentence pursuant to 18 U.S.C. § 3582 (c)(2). In reviewing the filing of previous counsel, the position of the Government, and the position of probation, there are several issues to be brought to the Court's attention. In support, Defendant would state the following:

    1.    Under *18 U.S.C. § 3582 (c)(2)*, a defendant is eligible for the reduction of their sentence when the sentencing range has been lowered by the sentencing commission. If this statute applies, the court may then consider factors as set forth in *§3553*.

    2.    In a federal drug offense, a defendant's base offense level generally depends upon the type and quantity of drugs attributable to the defendant. See *USSG § 2D1.1*. In 2014, the Drug Quantify Table was modified to reduce by two (2) points specific types of drugs and drug quantities. See *USSG Supp. App. C, Amend 782 (Nov. 1, 2014)*.

    3.    In order to determine whether a modification may be applied, the Court must

follow a two-step inquiry. *Dillion v. United States*, 560 U.S. 817 (2010). First, the Court must analyze whether the Defendant is eligible for sentence reduction in light of a retroactive guideline amendment. *Id*. Second, if the Court determines the Defendant is eligible for a reduction, the Court then considers whether a reduction is warranted under 18 U.S.C. § 3553(a). *Id*.

## FACTOR ONE

4.     In order to make a determination to whether the Defendant is eligible for a sentence reduction under the statute, the Court must make a determination as to the drug quantity assessed against the Defendant and whether it exceeds or falls below the revised quantity threshold. However, problems arise when the drug quantity finding is ambiguous or incomplete. If the drug quantity finding is incomplete or ambiguous, then the District Court may make new findings of fact that are supported by the record and consistent with the findings in the original sentencing in order to determine if the defendant is eligible for the sentence reduction under §3582(c)(2). *United States v. Moore*, 582 F.3d 641, 646 (6th Cir. 2009).

5.     In Ms. Johnson's case, the Presentence Investigation Report found that she was responsible for the highest base offense level of 38 which is an offense involving at least one hundred and fifty (150) kilograms or more of cocaine. The Presentence Report then goes further and makes an estimation of two thousand (2,000) to three thousand (3,000) kilograms of cocaine. However, there was no need for sentencing purposes to make a finding of any more than one hundred and fifty (150) kilograms. A specific finding of fact could not legally be made based on an estimation. Two thousand (2,000) to three thousand (3,000) kilograms is

an incomplete and ambiguous amount because it is an estimate and the Presentence Report states it is an estimate. If the finding of the sentencing court was to hold Ms. Johnson responsible for the minimum criteria of one hundred and fifty (150) kilograms, then she would meet the first factor and is eligible for a reduction. If the findings are ambiguous, then this Honorable Court has the discretion to hold a hearing to make a determination as to the amount. The findings in this case are clearly ambiguous and Ms. Johnson appears to have been sentenced on at least one hundred and fifty (150) kilograms of cocaine. Even if the Presentence Report is adopted, the report only referenced two (2) transactions and referenced the belief in estimations and not provable amounts of drugs. The sentencing of the Defendant to possessing at least one hundred and fifty (150) kilograms of cocaine, did not necessitate any further fact findings than the two (2) transactions found in the Presentence Investigation Report. Therefore, this Court would have to make a finding by preponderance of the evidence of any amount over one hundred and fifty (150) kilograms.

6. The Government's position is that since there was no specific objection regarding the drug amount by defense counsel, that Ms. Johnson is now ineligible for the reduction and has conceded to the amount as estimated in the Presentence Investigation Report. However, in that report under paragraph 33 adjustment for acceptance of responsibility, Ms. Johnson maintained her innocence and was hoping for an appeal of the trial. Ms. Johnson never waived any objections to the specific drug amounts as she has always maintained her innocence and did not enter into a stipulated plea agreement. Further, the two (2) transactions were the basis for the drug amount.

7. To adopt the Government's position regarding this motion would mean that after

every trial in which there is a guilty verdict, the Defendant would have to object to every paragraph of the Presentence Report in order to maintain their innocence. This would then require the case to be tried again at sentencing in order to preserve appellate rights. If the Defendant is maintaining her innocence as to the fact that she never sold or conspired to sell drugs, then it is obvious that she objects to the drug amounts as a whole with regards to its application towards her. At all times during trial, sentencing and appeal, Defendant maintained her innocence. Otherwise, the Defendant would have taken the position at sentencing that she did not still maintain her innocence.

8. The Court may look to previous findings or portions of the Presentence Investigation Report adopted by the sentencing court to make supplemental calculations of drug quantities if such calculations are necessary to "determine the amended guideline range that would have been applicable" in light of the retroactive guideline amendments. *United States v. Battle*, 706 F.3d 1313 (10th Cir. 2013). The issue of whether the district court can engage in new fact finding not supported by the previous sentencing record in determining the new guideline range appears to be unsettled. *Id.* However, it does appear that this is discretionary with the Court.

## **FACTOR TWO**

9. Defendant would submit that she is eligible from the above argument for a reduction. Once the Court in its discretion has made a determination that she is eligible for this reduction, the Court then takes into consideration the sentence under *18 U.S.C. § 3553(a)*. Counsel for the Defendant would submit that at this point, the Court would be allowed to consider all factors of *18 U.S.C. § 3553*.

4

**WHEREFORE**, Defendant prays that this Honorable Court grant a hearing in this matter and find that Defendant is eligible for a sentence reduction. Further, that once the Court finds that Defendant is eligible for a sentence reduction, that the Court appropriately sentences her pursuant to *18 U.S.C. § 3553(a)*.

Respectfully submitted,

s\Michael E. Scholl
MICHAEL E. SCHOLL (16284)
Attorney for Defendant
200 Jefferson Avenue, Suite 1500
Memphis, Tennessee 38103
(901) 529-8500

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a true and exact copy of the foregoing document has been served on Assistant United States Attorney, Elizabeth J. Rogers at 167 North Main, Suite 800, Memphis, Tennessee 38103, via electronic delivery, on this the 23rd day of February, 2018.

s/ Michael E. Scholl
MICHAEL E. SCHOLL